IN THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

**Roy Lee Williams**, *Plaintiff*,
S.C.I. Phoenix, #CF4784
1200 Mokychic Drive
Collegeville, PA 19426

CIVIL ACTION

*versus*

No. _____

**John E. Wetzel**, *Defendant*,
    individually, in his official capacity as
    Secretary, Pa. Dept. of Corrections,
    1920 Technology Parkway
    Mechanicsburg, PA 17050

Jury Trial Demanded

# Verified Complaint

This jury-demand action challenges the policies and practices of the Commonwealth of Pennsylvania that held a mentally and intellectually disabled death-condemend prisoner in permanent, degrading, and inhumane solitary confinement without rationale for 27 years.

### Preliminary Statement

1. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of service, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

2. Title II extends to all the prison's services, programs, and activities, including classification, housing, recreation, and medical and mental health treatment, among

others, for which prisoners are otherwise qualified. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10, 213 (1998) (finding, without exception, that Title II "unmistakably includes State prisons and prisoners within its coverage").

3. Both serious mental illness and intellectual disabilities ("SMI/ID") qualify as disabilities under the ADA. 42 U.S.C. § 12102 (including "mental" impairments under definition of "disability" where they substantially limit major life activities).

4. Plaintiff is a individual certified with SMI/ID; after an involuntary 304 admission to Philadelphia Psychiatric Center when Plaintiff was 14 years old, he was diagnosed with significant depression and suicidal ideation. *See* Philadelphia Psychiatric Center's Hospital Records, 4/19/1979 (attached as ex. A pursuant to Fed.R.E. 803).

5. In September 1996, after two clinicial examinations Plaintiff was diagnosed with depression, suicidal ideation, paranoia, lack of insight, problems with self-expression, difficulties with abstract thinking, information-processing deficits, emotional lability, impulse-control problems, and an assessment that placement in a structured, supportive environment and with consistent and intensive psychotherapy. *See* Declaration of Dr. Robert A. Fox, 9/24/96; Declaration of Dr. Barry Crown 9/20/96 (both attached as ex. B pursuant to Fed.R.E. 803).

6. The regulation implementing Title II of the ADA requires public entities to "administer services, programs, and acitivites in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.13(d); 28 C.F.R. § 35.152(b)(2) (requiring that prisoners with disabilities be housed in the most integrated setting appropriate to their needs under the program access obligation); *See also Olmstead v. L.C.*, 527 U.S. 581, 592, 597 (1999) ("Unjustified isolation, we hold, is

properly regarded as discrimination on the basis of disability.").

7. Under the ADA, a prison must "take certain proactive measures to avoid discrimination." *Chisolm v. McManimon*, 275 F.3d 315, 324-26 (3d Cir. 2001), and the prison is required to reasonably modify its policies, practices, and procedures when necessary, as here, to avoid discrimination against prisoners with SMI/ID. 28 C.F.R. § 35.130(b)(7). Thus, prisoners with active death-sentences with SMI/ID cannot be automatically placed in indefinite solitary confinement without showing that it is necessary to make an exception. *See id.* § (b)(3)(I)(iii); *Investigation of the Pa. Dep't of Corr. Use of Solitary Confinement on Prisoners with Serious Mental Illness and/or Intellectual Disabilities*, US Department of Justice Civil Rights Division Report, 2/24/14 ("DOJ Report" attached as ex. C pursuant to Fed.R.E. 803).

8. Solitary confinement of death-sentenced prisoners with SMI/ID violates internationally recognized human rights law. The United States is party to international treaties bearing on prolonged solitary confinement. The United States has ratified the International Covenant on Civil and Political Rights (ICCPR) (1992) and the Convention Against Torture and Other Cruel, Inhuman, or Degrading Punishment (CAT) (1994), both of which prohibit torture and other cruel, inhuman, or degrading treatment or punishment.

9. In a 2011 report to the General Assembly, the United Nations Special Rapporteur on torture, Juan Mendez, wrote: "No prisoner, including those serving life and prisoners on death row, shall be held in solitary confinement merely because of the gravity of the crime." *See* Juan E. Mendez's Expert Report in *Shoatz v. Wetzel*, No. 2:13-cv-00657-CRE, 7/15/15 (attached as ex. D pursuant to Fed.R.E. 803).

10. Additionally, in 2015, the U.N. General Assembly adopted the U.N. Standard Minimum Rules for the Treatment of Prisoners, known as the "Nelson Mandela Rules." The Rules specifically disallow the use of solitary confinement when, as here, it would exacerbate a prisoner's pre-existing mental or physical disabilities. *Id.* R. 45 at 14. *See* Declaration of Craig Haney, PH.D, J.D. in *Reid v. Wetzel,* 1:18-cv-00176-JEJ, 3/29/18 at ¶¶ 77-83 (noting "the exacerbation of mental illness that occurs in isolated confinement comes about as a result of the critically important role that social contact and social interaction play in maintaining psychological equilibrium.") (attached as ex. E pursuant to Fed.R.E. 803).

11. In its Periodic Report to the U.N. Committee Against Torture, the United States confirmed that persons with a "serious mental illness" cannot be held in solitary confinement because it violates the Eighth Amendment's prohibition on cruel and unusual punishment. It further confirmed that subjecting a prisoner to solitary confinement without an administrative hearing is a violation of the Fourteenth Amendment's guarantee of due process. Periodic Report of the United States of America, Art. 16 ¶ 209, 8/12/13 (available at www.state.gov/j/drl/rls/213055.htm.)

### Jurisdiction and Venue

12. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, and the Eighth and Fourteenth Amendments to the United States Constitution.

13. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

14. Venue is proper under 28 U.S.C. § 1391(b) because this district is where the events giving rise to the claims herein occured.

## Parties

15. Plaintiff Roy Lee Williams is a 56-year-old mentally and intellectually disabled prisoner who has spent the past 27 years in solitary confinement.

16. Defendant John E. Wetzel is the Secretary of Corrections for the Pennsylvania Department of Corrections. In this capacity, Defendant Wetzel is responsible for the overall management and operation of the entire adult corrections system in the Commonwealth and for protecting the constitutional rights of all individuals in the custody of the DOC including death-sentenced prisoners with SMI/ID. Defendant Wetzel authorized and condoned the unconstitutional policy of housing all SMI/ID death-sentenced prisoners in solitary confinement indefinitely, as described herein.

17. At all times relevant, Defendant Wetzel was acting under color of state law and as an official representative of the DOC. Wetzel is sued in his official and individual capacities for compensatory and punitive relief.

### First Cause of Action
Violation of U.S. Constitution, Amendments XIII and XIV

18. Plaintiff brings this claim on his own behalf against the defendant.

19. The manner in which the DOC used solitary confinement violated his rights under the Eighth Amendment's prohibition against punishments that are "cruel and unusual." There is no static test for determining whether conditions are "cruel and unusual." Instead, the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)).

20. The DOJ found that subjecting prisoners with SMI/ID to prolonged periods of

solitary confinement under harsh conditions that are not necessary for legitimate security-related reasons, the DOC exposes them to an excessive and obvious risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 828; *Hope v. Pelzer*, 536 U.S. 730, 738-745 (2002) (holding that prison officials show deliberate indifference where they disregard obvious risks to prisoner safety). DOJ Report at 6-14.

21. Moreover, the DOJ's expert consultants observed that, as a direct result of these practices, prisoners with SMI have suffered serious psychological and physical harms, including psychosis, trauma, severe depression, serious self-injury, and suicide. *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) ("The touchstone is the health of the inmate. While the prison administration may punish, it must not do so in a manner that threatens the physical safety and mental health of prisoners.")

22. Additionally, an actual controversy exists regarding the constitutionality of Defendant's practices and policies regarding Plaintiff's automatic placement in indefinite solitary confinement. A Jury Demand on this issue will guide that portion of the controversy between the parties.

### Second Cause of Action
Violations of 42 U.S.C. §§ 12131 and 12143 (Title II of the Americans with Disabilities Act)
and the Fourteenth Amendment to the United States Constitution

23. Plaintiff brings this claim on his own behalf, against the Defendant.

24. Here, the way in which the DOC used solitary confinement on Plaintiff violated Title II of the ADA in a variety of ways. *See* 42 U.S.C. § 12132. The DOC unjustifiably denied the Plaintiff the opportunity to participate in and benefit from correctional services and activities, such as classification, security, housing, and mental health services. *See* 28 C.F.R. § 35.130(b)(1)(i)-(iv).

25. Here, the DOC unlawfully placed plaintiff in solitary confinement, without either individually assessing the risk he may actually and objectively pose for others. 28 C.F.R. §§ 25.130(d); 35.139, or otherwise justifying the need for isolations, *id.* §§ 35.130(b)(8), (h).

26. Here, the DOC also failed to reasonably modify policies, practices, and procedures necessary for the DOC to avoid discrimination on the basis of disability. *Id.* § 35.130(b)(7). *See* DOJ Report at 17-22.

27. Additionally, an actual controversy exists regarding the constitutionality of Defendant's practices and policies regarding the Plaintiff's automatic placement in indefinite solitary confinement. A Jury Demand on this issue will guide that portion of the controversy between the parties.

28. The Plaintiff hereby verifies, subject to penalties under 28 U.S.C. § 1746 that the foregoing facts are true to the best of his knowledge, information, and belief.

WHEREFORE, Plaintiff prays for nominal, compensatory, and punitive damages against the Defendant, attorney fees and costs, and any other relief the Court deems proper and just.

Respectfully submitted,

_R. L. Williams_              3/10/2021
Roy Lee Williams, #CF-4784        Date
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

PRIORITY MAIL

neopost
03/10/2021
US POSTAGE $009.05

ZIP 19426
041M12252211

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

U.S.M.S. X-RAY

ROY LEE WILLIAMS
S.C.I. Phoenix, #CF4784
1200 Mokychic Drive
Collegeville, PA 19426

KATE BARKMAN, Clerk
Federal Courthouse,
601 Market Street
Philadelphia, PA 19106-1797





USPS TRACKING #
9488 8178 9820 3207 3007 84