IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROY LEE WILLIAMS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1248 |
| | : | |
| **JOHN E. WETZEL,** | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this **1st** day of **April, 2021**, upon consideration of Plaintiff Roy Lee Williams's Motion to Proceed *In Forma Pauperis* (ECF No. 5), Prisoner Trust Fund Account Statement (ECF No. 6), and Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Roy Lee Williams, #CF-4784, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Williams's inmate account; or (b) the average monthly balance in Williams's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Williams's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Williams's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court shall **SEND** a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. Williams's official capacity claim under § 1983 and his individual capacity claim alleging a violation of the Fourteenth Amendment against Defendant John E. Wetzel are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Williams may proceed on his § 1983 claim under the Eighth Amendment against Defendant Wetzel in his individual capacity.[1]

6. Williams's individual capacity claims under Title II of the American with Disabilites Act ("ADA") against Defendant Wetzel are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Williams's official capacity

---

[1] Williams filed this Complaint against Wetzel in his individual and official capacities. *See* ECF No. 2 at 5. In so doing, Williams asserts that Wetzel is the Secretary of Corrections for the Pennsylvania Department of Corrections. (*Id.*) The official capacity claim under § 1983 against Wetzel for money damages may not proceed because the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, the official capacity claim pursuant to § 1983 is dismissed with prejudice. In addition, although Williams does allege a policy in paragraph 16 of the Complaint, the claim cannot go forward.

Finally, because Williams is a convicted inmate, the Eighth Amendment, as opposed to the Fourteenth Amendemnt, governs his claims. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Accordingly, any claims alleging a violation of the Fourteenth Amendment are dismissed with prejudice.

claims under Title II of the ADA are **DEEMED** to be claims against the Pennsylvania Department of Corrections.[2]

7.  The Clerk of Court shall issue a summons. Service of the summons and the Complaint (ECF No. 2), along with a copy of this Order, shall be made upon the Defendant by the U.S. Marshals Service. Williams will be required to complete USM-285 forms so that the Marshals can serve the Defendant. Failure to complete those forms may result in dismissal of this case.

8.  All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>    (Signature)"

---

[2] Title II of the ADA prohibits only "public entit[ies]" from excluding or discriminating against individuals with disabilities. 42 U.S.C. § 12132. Although Title II of the ADA applies to state prisons and departments of corrections, *see Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 210–212 (1998), the proper defendant in a Title II claim is the public entity or an official acting in his official capacity. *Glenn v. McGrady*, Civ. A. No. 13-325, 2014 WL 939507, at *4 (M.D. Pa. Mar. 11, 2014). Because an individual sued in his individual capacity is not considered a "public entity," Williams's individual liability claim against Wetzel is not permitted under Title II of the ADA. *See Powell v. Wetzel*, Civ. A. No. 12-2455, 2015 WL 1513888, at *2 (M.D. Pa. Mar. 27, 2015) (citations omitted). Williams's official capacity claim against Wetzel, however, is viable and may proceed. *Glenn*, 2014 WL 939507, at *4 (citing *United States v. Georgia,* 546 U.S. 151, 159 (2006), and noting that the Supreme Court has held that Title II of the ADA "validly abrogates state sovereign immunity" for "conduct that actually violates the Fourteenth Amendment").

9. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Williams is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

10. Williams is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Williams shall attempt to resolve any discovery disputes by contacting Defendant's counsel directly by telephone or through correspondence.

11. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

12. In the event a summons is returned unexecuted, it is Williams's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

13. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

                                        **BY THE COURT:**

                                        */s/ Eduardo C. Robreno*
                                        **EDUARDO C. ROBRENO, J.**