**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Roy Lee Williams**, *pro se*, <br> Plaintiff, | ♦ <br> ♦ <br> ♦ | Hon. Richard A. Lloret <br> U.S. Magistrate |
| *v.* | ♦ <br> ♦ | No. 2:21-CV-01248 |
| **John E. Wetzel**, *et al.*, <br> Defendants. | ♦ <br> ♦ <br> ♦ | § 1983 CIVIL ACTION |

## Memorandum of Law
### in Support of Request for Damages

### Introduction

This memorandum addresses the legal basis for monetary damages for an Eighth Amendment violation based on time spent in solitary confinement.

### I. Compensatory Damages

Under the Prison Litigation Reform Act, an inmate must have suffered physical injury in order to bring a claim for compensatory damages. *See* 42 U.S.C. § 1997e(e). However, courts have found that the PLRA does *not* restrict a plaintiff's ability to recover monetary damages for actual injury. *Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir. 2002). A § 1983 plaintiff must show proof of actual injury to recover damages and the damages awarded "must be proportional to the actual injury incurred." *Adkins v. Manning,* No. 15-CV-3215, 2018 U.S. Dist. LEXIS 206837, at *10 (D.Kan., Dec. 7, 2018).

"'[T]he basic purpose' of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'" *Memphis Cnty. Sch. Dist. v. Stachura,* 477 U.S. 299, 307 (1986) (citation omitted). The amount of damages for a § 1983 constitutional violation "is typically determined according to principles derived

RECEIVED JUN 24 2021

from the common law of torts.'" *Id.* "Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation . . . , personal humiliation, and mental anguish and suffering.'" *Id.*

Neither § 1983, nor case law applying it, "provide a precise formula by which pain and suffering and emotional distress may be properly measured and reduced to monetary value." *Mathie v. Fries*, 935 F. Supp. 1284, 1304-05 (E.D.N.Y. 1996); *Greenberger v. Roundtree*, 2020 U.S. Dis. Lexis 8658, at *16 (S.D.N.Y., Jan. 16, 2020). While there is no set calculation for compensatory damages, claims based on time spent in solitary confinement have been calculated on a *per diem* basis. Damages routinely fall in the $50–200 per day range and may be based on evidence of lost wages, history of mental illness, and treatment sought while incarcerated. Some examples are:

- *Sostre v. McGinnis*, 442 F.2d 178, 205 n. 52 (2d Cir. 1971) (finding award of $25 per day for wrongful prison segregation not unreasonable);

- *Mack v. Johnson*, 430 F. Supp. 1139, 1151 (E.D. Pa. 1977) (awarding $750 in compensatory damages calculated at the rate of $25 per day for 30 days of confinement, plus $0.50 per day in lost wages over the same 30 day period);

- *Chapman v. Pickett*, 801 F.2d 912, 916 (7th cir. 1986) (confirming district court order of $25 per day for a total of $7,000 in damages for time spent in solitary confinement in violation of the Eighth Amendment);

- *Charon v. Medium Sec. Inst.*, 730 F. Supp. 987, 995-97 (E.D.Mo. 1989) (awarding $100 dollars per day where pretrial detainees placement in segregation was not reasonably related to a legitimate penological goal or purpose and, therefore, amounted to unconstitutional punishment);

- *Greenburger*, *supra* at *23 (awarding $200 per day for a total of $18,000 for time spend in solitary based on Greenburger's history of mental illness, history of mental health treatment while incarcerated, and testimony);

- *Parker v. City of N.Y.*, No. 15-CV-6733, 2018 U.S. Dist. LEXIS 205598. at *16 (E.D.N.Y., Dec. 4, 2018) (awarding $200 per day to class members with serious mental illness spending time in solitary and providing examples that "most cases involving procedural due process claims by prisoners who established that they were wrongfully placed in solitary confinement resulting in smaller judgments of between $25 and $125 per day.").

## II. Punitive Damages

A court may award punitive damages "when the defendant's conduct is shown to be motivated by evil motive and intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). In *Wade*, the Court upheld an award of $5,000 in punitive damages after finding that the defendant's conduct in placing Mr. Wade in a situation the defendant knew was likely to expose him to serious physical harm satisfied the punitive-damages standard.

Here, the defendants' refusal to make reasonable accommodations, when they *knew* the substantial risk of harm, displayed "callous indifference to the federally protected rights" of the plaintiff. *Id.*

## Conclusion

**WHEREFORE**, the plaintiff should be awarded compensatory damages: $150 per day for the conditions of solitary confinement which violated the Eighth Amendment; separately, $150 per day for violations of the Americans With Disabilities Act, Title II; and punitive damages in an amount that this Honrable Court considers proper and just.

Respectfully submitted,

*[signature]*  6/22/21
Roy Lee Williams, *pro se*          Date
S.C.I. Phoenix, #CF4784
1200 Mokychic Drive
Collegeville, PA 19426



## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Roy Lee Williams**, *pro se*, Plaintiff, | ♦ ♦ ♦ | Hon. Richard A. Lloret U.S. Magistrate |
| *v.* | ♦ ♦ | No. 2:21-CV-01248 |
| **John E. Wetzel**, *et al.*, Defendants. | ♦ ♦ ♦ | § 1983 CIVIL ACTION |

## Certificate of Service

    I, the plaintiff, Roy Lee Williams, declare, subject to penalty of perjury under 28 U.S.C § 1746, that I have caused a correct copy of the foregoing **Memorandum of Law** to be served on the following party via first-class U.S. Mail (postage pre-paid), on the date indicated:

John E. Wetzel
1920 Technology Parkway
Mechanicsburg, PA 17050

Respectfully submitted,

*/s/ R. L. Williams*                 6/22/21
**Roy Lee Williams**, *pro se*               **Date**
SCI Phoenix, #CF 4784
1200 Mokychic Drive
Collegeville, PA 19426

Name: Roy Lee Williams
Number: C.F.- 4784
Box 244
Collegeville, PA 19426-0244

PA DEPARTMENT OF CORRECTIONS
INMATE MAIL

neopost
06/22/2021
US POSTAGE $000.51
ZIP 19426
041M11225221

U.S.M.S. X-RAY

Clerk of the Court
United States District Court
for the Eastern District of Pa.
James A. Byrne Federal Courthouse
601 Market St., Rm. 2609
Philadelphia, PA 19106-1797