# EXHIBIT B

782 Fed.Appx. 136
This case was not selected for publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also U.S.Ct. of Appeals 3rd Cir. App. I, IOP 5.1, 5.3, and 5.7.
United States Court of Appeals, Third Circuit.

IN RE: Roy L. WILLIAMS, Petitioner

No. 19-1251
|
(Opinion filed: August 13, 2019)
|
Submitted Pursuant to Fed. R. App. Pro. 21 March 21, 2019

**Synopsis**

**Background:** State prisoner petitioned for writ of habeas corpus after he was convicted of first degree murder and sentenced to death, and he was denied state post-conviction relief. Prisoner moved pro se to proceed pro se, for leave to amend his petition, for substitute counsel, and for a status conference. The United States District Court for the Eastern District of Pennsylvania ordered that the matter be placed in civil suspense. Prisoner petitioned for writ of mandamus, seeking order to compel district court to decide his pro se motions.

The Court of Appeals held that prisoner did not have clear and undisputable right for district court to decide his pro se motions.

Petition denied.

**Procedural Posture(s):** Post-Conviction Review.

On a Petition for Writ of Mandamus from the United States District Court for the Eastern District of Pennsylvania (Related to D.C. Civ. No. 2-04-cv-04057)

**Attorneys and Law Firms**

Roy L. Williams, Pro Se

Max C. Kaufman, Esq., Philadelphia County Office of District Attorney, Philadelphia, PA, for Respondents

Before: JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

OPINION [*]

PER CURIAM

Petitioner Roy L. Williams petitions for a writ of mandamus. For the reasons that follow, we will deny the petition.

Williams was convicted of first degree murder in the Philadelphia County Court of Common Pleas in connection with the shooting death of James P. McDonnell. Following the penalty hearing, the jury found one aggravating circumstance and no mitigating circumstances and set the penalty at death. Post-verdict motions were argued and denied and the trial court imposed

a sentence of death. Williams' sentence was affirmed on direct appeal, see [Commonwealth v. Williams, 541 Pa. 85, 660 A.2d 1316 (1995)](#) ("[Williams I](#)").

Williams filed a petition for relief pursuant to the Post Conviction Relief Act, [42 Pa. Cons. Stat. Ann. §§ 9541](#)-[9546](#), through counsel, Billy Nolas and James H. Moreno of the Defender Association of Philadelphia. The state post-conviction court denied **\*137** relief. On appeal, the Pennsylvania Supreme Court affirmed in part, reversed in part, and remanded for further proceedings to determine: (1) whether trial counsel was ineffective during the penalty phase for failing to make a sufficient argument for life imprisonment and for failing to investigate, develop and present significant mitigating evidence; and (2) whether trial counsel was ineffective during the guilt phase for failing to present a defense of diminished capacity, see [Commonwealth v. Williams, 557 Pa. 207, 732 A.2d 1167 (1999)](#) ("[Williams II](#)"). Following an evidentiary hearing, the state post-conviction court again denied relief. On appeal, the Pennsylvania Supreme Court affirmed, see [Commonwealth v. Williams, 577 Pa. 473, 846 A.2d 105 (2004)](#) ("[Williams III](#)"). The court held, in pertinent part, that trial counsel's failure to investigate and present a diminished capacity defense did not constitute ineffective assistance, and that Williams was not prejudiced by counsel's failure to present his history of abuse and mental illness at sentencing.

On August 25, 2004, Williams filed a petition for writ of habeas corpus, [28 U.S.C. § 2254](#), in the United States District Court for the Eastern District of Pennsylvania, through his counsel, Nolas and Moreno, alleging numerous guilt and penalty phase grounds for relief. The District Court granted Williams a stay of execution shortly thereafter. Williams filed a memorandum of law in support of his [§ 2254](#) petition on April 14, 2009; the District Attorney of Philadelphia submitted his answer to the [§ 2254](#) petition on June 25, 2010; and Williams then filed his reply memorandum on August 8, 2013. The District Court held argument on the petition on September 12, 2013, and Williams submitted additional briefing thereafter on May 27, 2014, February 5, 2015, April 7, 2016, and July 1, 2016. Meanwhile on April 7, 2016, Mathew C. Lawry of the Capital Habeas Unit of the Federal Community Defender entered his appearance on Williams' behalf.

On August 9, 2016, nearly 12 years after the [§ 2254](#) petition was filed, Williams, through counsel, filed a motion for discovery, seeking disclosure of any documents in the possession of the Philadelphia District Attorney's Office reflecting former District Attorney Ronald Castille's personal involvement in his case. That motion was based on the United States Supreme Court's decision in [Terrance Williams v. Pennsylvania,](#) ––– U.S. ––––, 136 S. Ct. 1899, 195 L.Ed.2d 132 (2016). At the same time, Williams was pursuing a new state post-conviction petition, alleging that the participation of Justice Ronald Castile in his direct and collateral appeals violated his right to due process.

On October 27, 2016, Williams filed a pro se motion for appointment of new [§ 2254](#) counsel, see Docket Entry No. 87. Williams argued that he was seeking relief pursuant to [Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012)](#) (holding that a claim that state post-conviction counsel was ineffective is not cognizable in federal habeas but may qualify as cause to excuse default of substantial claim of ineffective assistance of trial counsel), and that, because of a conflict of interest, his current habeas counsel could not represent him. Thereafter, Williams filed a series of pro se motions, including, but not limited to, a motion to proceed pro se, see Docket Entry No. 91; motions for leave to amend his [§ 2254](#) petition, see Docket Entry Nos. 92, 109 & 115; motions for substitute counsel, see Docket Entry Nos. 101 & 102; and a motion for a status conference, see Docket Entry No. 117. All of Williams' pro se motions remain pending before the District Court.

**\*138** Meanwhile, his capital habeas counsel continued to litigate on his behalf. On June 5 and July 20, 2017, the District Court, pursuant to the District Attorney's motion, stayed the [§ 2254](#) proceedings and placed them in suspense pending completion of the new post-conviction proceedings in state court. On November 28 and 29, 2017, the Philadelphia Court of Common Pleas entered orders terminating and dismissing those proceedings and Williams chose not to appeal. Counsel then moved to

reactivate the federal habeas proceedings and the District Court granted that motion on December 15, 2017. On June 6, 2018, habeas counsel filed an unopposed motion on Williams' behalf for production of Williams' state Department of Corrections institutional and medical records, see Docket Entry No. 113. Counsel asserted that "the parties have entered into negotiations in an effort to resolve this case, at least in part" and that the requested "records would facilitate the negotiations." Id. On June 5, 2018, the District Court granted that motion and ordered the production of the requested records. Then, on September 12, 2018 -- and shortly after Williams filed his pro se motion for a status conference -- the District Court ordered that the matter be placed in civil suspense.

Williams now files an amended petition for writ of mandamus, seeking an order compelling the District Court to decide his pro se motions, including Docket Entry Nos. 87, 91- 92, 101-02, 107-12, 115, 117, and 119-20. [1] Williams alleges that the delay in deciding his pro se motions violates his due process rights.

We will deny the petition. A writ of mandamus is an extreme remedy that is available only in extraordinary situations. See Kerr v. United States District Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). To justify its use, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). The management of its docket is committed to the sound discretion of the District Court. In re: Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35-36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Nevertheless, a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Generally, pro se litigants have no right to "hybrid representation" because "[a] defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). Here, Williams continues to be represented by the Capital Habeas Unit, and his counsel are actively litigating his case. Id. ("Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously ... request[s] that ... counsel be silenced."). Certainly Williams may request to proceed pro se, id., and his pro se motions to replace current habeas counsel and amend his § 2254 petition have been pending for over two years. Nevertheless, **139** current habeas counsel have been active on his behalf during that time period, especially with respect to recent attempts at "negotiations in an effort to resolve this case, at least in part." Until those negotiations are successfully completed or break down, there is no reason for the District Court to act on Williams' pro se motions. The District Court may, however, wish to require the parties to provide status reports every 30 days regarding their discussions.

For the foregoing reasons, we will deny the petition for writ of mandamus.

**All Citations**

782 Fed.Appx. 136

**Footnotes**

\*    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1   We will treat the amended petition filed on February 19, 2019 as having superseded the original petition filed on January 30, 2019. Cf. New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) (amended complaint supersedes original and renders original of no legal effect).

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2022 Thomson Reuters. No claim to original U.S. Government Works.   4