IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Roy Lee Williams, | : | |
| v. | : | 2:21-cv-0124-ER |
| John E. Wetzel, et al. | : | § 1983 Civil Rights, ADA |

**Memorandum of Law
in Opposition to Defendants' Motion for Summary Judgment**

**I. The exhaustion requirements of the PLRA will not defeat the plaintiff's claims.**

There is an exception to the PLRA's exhaustion requirement: administrative remedies must be *available* to the prisoner. *Ross v. Blake*, 136 S. Ct. 1850 (2016). Grievance procedures were not available to the plaintiff: according to DOC Administrative Directive 804, "Issues concerning . . . the reason for placement in administrative custody will not be addressed through the inmate grievance system." § 1(A)(7). *See Porter v. Wetzel*, 974 F.3d 431, 437 (3d Cir. 2020) (recognizing that the plaintiff was unable to challenge his placement in solitary confinement by using the grievance system.)

Despite this, the plaintiff *did* seek review of—and properly exhaust—his grievance. His grievance # 898857 was properly appealed to the SOIGA. *See* Final Appeal Decision Dismissal, Doc. #24-8 at 4. *See* Plaintiff's Response to Statement of Undisputed Facts. ¶ 55.

## II. The defendants have waived the defense of qualified immunity.

The defendants failed to raise the affirmative defense of qualified immunity in their answers. Instead, they opted to belatedly assert the defense in their motion for summary judgment. It is waived. Fed.R.Civ.P. 8.

In the event that the Court finds the defense properly asserted, the 2014 DOJ Report condemning the Pa. Dep't of Corr. indeed provided "fair and clear warning" and therefore should be "sufficient to preclude the defense of qualified immunity at the summary judgment stage." *Hope v. Pelzer*, 536 US 730, 745-46 (2002).

## III. Plaintiff's claims are not barred by the statute of limitations.

As a threshold matter, the local policy offered by the defendants (SCI Greene Policy No. 6.5.8, GRN 01, 3/12/18) did not supersede existing department policy; it does not contain a *Superseded Policy Statement*. *See* DOC Policy No. 7.5.1, "Adminstration of Specialized Inmate Housing," § VIII(A)(2) ("This document supersedes all facility policy and procedures on this subject") 12/3/2019. In fact, application of the local policy at SCI Greene was incomplete. *See* Plaintiff's affidavit (attached).

Nevertheless, 6.5.8 GRN 01—which, on its face, arguably ameliorated some conditions (e.g., exercise, library, and meals)—did nothing to address Plaintiff's exclusion from participating in and benefitting from *all* programs and services, as defined by the ADA. *See* Complaint Doc. 2 at 6-7. In other words, the defendants' statute-of-limitations defense does not, and can not, apply to his ADA claim.

### IV. The defendants' argument about the Fourteenth Amendment is moot.

In its initial screening, this Court ruled that the plaintiff failed to state a claim under the Fourteenth Amendment. Six pages of the defendants' memorandum are superfluous. pp. 15-20.

### V. The defendants knew about, and were deliberately indifferent to, the plaintiff's disability.

The defendants have premised their entire argument on the idea that they knew nothing of the plaintiff's mental illness But the defendants are conflating "severe mental illness" (as defined by the DOC itself) with "disability" (as defined by the ADA, § 12102).

The defendants go on to argue that, (1) despite the plaintiff's suicide attempts; (2) despite his being on the active mental health roster as a "C" stability code (*see* Def. Statement of Undisputed Facts. ¶¶ 21-25; Doc. 24-1 at 37.); and (3) despite their housing him for decades in conditions well-known to be deleterious to physical and mental health, they knew nothing of his disabilities. *See Porter*, 974 F.3d at 445 ("Defendants have acknowledged the risks of prolonged solitary confinement.") Such an argument is implausible. The defendants knew—or should have known.

Respectfully submitted,

*/s/ Roy L. Williams*     March 10, 2022
Roy Lee Williams, plaintiff            Date

---

**Certificate of Service**
I hereby certify that I have served the foregoing memo on counsel for the defendants via first-class U.S. Mail:
Kathy Le, Esq., 1600 Arch St., 3rd Floor, Philadelphia, PA 19103.

IN THE
## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Roy Lee Williams, | : | |
| v. | : | 2:21-cv-0124-ER |
| John E. Wetzel, et al. | : | § 1983 Civil Rights, ADA |

### Plaintiff's Affidavit

I, Roy Lee Williams, do hereby affirm, subject to the penalties of 28 U.S.C. § 1746, that the following is true:

I am aware that, sometime in 2018, SCI Greene drafted a local policy aimed at beginning to reform operation of the Capital Case Unit. The implementation of that policy, however, was slow and uneven. Many of the reforms existed on paper only.

Unit staff still operated under the dictates of DOC policy 6.5.8. (which was effective until December 2019); they argued that 6.5.8. controlled over local policy.

Furthermore, I was excluded from correctional services and programs until *at least* January 3, 2022, when SCI Phoenix began permitting capital status prisoners access to the facility gym, chapel, library, etc.

Respectfully submitted,

_____                              March 10, 2022
Roy Lee Williams, plaintiff                                              Date

---

**Certificate of Service**
I hereby certify that I have served the foregoing affidavit on counsel for the defendants via first-class U.S. Mail:
Kathy Le, Esq., 1600 Arch St., 3rd Floor, Philadelphia, PA 19103.

SCI- Phoenix
Name Roy Lee Williams
Number CF4784
1200 Mokychic Dr.
Collegeville PA. 19426

PA DEPARTMENT OF
CORRECTIONS
INMATE MAIL

US POSTAGE $000.53
03/10/2022
ZIP 19426
041M12252221

RECEIVED
MAR 14 2022

Kate Barkman - CLERK
James A Byrne
Federal Courthouse
601 Market ST. Rm. 2609
Phila PA 19106