```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROY LEE WILLIAMS,              :    CIVIL ACTION
                               :    NO. 21-1248
        Plaintiff,             :
                               :
     v.                        :
                               :
JOHN E. WETZEL,                :
                               :
        Defendant.             :
```

**O R D E R**

**AND NOW**, this **28th** day of **June, 2022**, it is hereby **ORDERED** as follows:

1. Defendant shall respond to Plaintiff's motion for judgment on the pleadings by **July 12, 2022**;

2. Defendant shall also file a Second Amended Answer by **July 12, 2022**. Defendant shall comply with Federal Rule of Civil Procedure 8(b) when responding to the allegations in Plaintiff's Complaint at paragraphs 1-3, 6-14, 17, 19-22, and 24-28.[1] Defendant is also granted

---

[1] In response to paragraphs 1-3, 6-14, 17, 19-22, and 24-28 of Plaintiff's Complaint, Defendant stated that "[the] allegations constitute conclusions of law to which no response is required." Am. Answer ¶¶ 1-3, 6-14, 17, 19-22, and 24-28, ECF No. 19.

Federal Rule of Civil Procedure 8(b) requires the responding party to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). If a party chooses to deny the allegation, the "denial must fairly

leave to include the affirmative defense of qualified

immediately in his Second Amended Answer;[2] and

---

respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). If the party intends to "deny all the allegations of a pleading" it may "do so by a general denial," but otherwise, a party "that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). If a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

An answer that states that an allegation is a "conclusion of law to which no response is required" is not a denial because "Rule 8(b) does not permit a party to refuse to respond to an allegation by asserting it is a conclusion of law." Kegerise v. Susquehanna Twp. Sch. Dist., 321 F.R.D. 121, 124 (M.D. Pa. 2016) (collecting cases). "This rule applies even when a party has made 'a sweeping conclusion of law,' . . . meaning an allegation that is purely of law." Id.

Here, Defendant has failed to comply with Rule 8(b) with respect to his responses to paragraphs 1-3, 6-14, 17, 19-22, and 24-28 of Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 15, and in the interests of justice, the Court will grant Defendant leave to submit a Second Amended Answer. Defendant is directed to comply with Rule 8(b) and either (1) admit, (2) deny, or (3) indicate that he does not have information sufficient to respond when answering Plaintiff's allegations. See id. ("Instead of deeming Plaintiff's allegations admitted, however, we will grant Defendants an opportunity to file an amended answer curing the defects in their responses."); Telford Borough Auth. v. United States Env't Protection Agency, No. 12-6548, 2021 WL 4818270, at *2 (E.D. Pa. Oct. 15, 2021) (same) (collecting cases).

[2]  Defendant raises the defense of qualified immunity in his motion for summary judgment with respect to Plaintiff's section 1983 claim. In response, Plaintiff contends that the defense is waived because Defendant did not raise this as an affirmative defense in his Amended Answer.

3. The sixth paragraph of the Court's April 1, 2021 Order (ECF No. 7) is **CLARIFIED** as follows: Plaintiff's official capacity claims under Title II of the ADA are **DEEMED** to be claims against Defendant John E. Wetzel in his official capacity as the Secretary of Corrections for the Pennsylvania Department of Corrections.[3]

---

Federal Rule of Civil Procedure 8(c) provides that affirmative defenses must be stated "in [response] to a pleading." Fed. R. Civ. P. 8(c). However, "[f]ailure to raise an affirmative defense in a responsive pleading . . . does not always result in waiver." Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1373 (3d Cir. 1993). The defense may be raised in an appropriate motion. Id.

In Kleinknecht, the defendant-appellee failed to raise the affirmative defense in its answer. Id. The Third Circuit held that "[e]ven though a motion for summary judgment is not the most appropriate way to raise a previously unpled defense of immunity, we think it would be inappropriate in the present case to decide the immunity issue on the basis of waiver." Id. at 1374. The Third Circuit noted that the plaintiffs-appellants received notice of the immunity defense when they received the defendant-appellee's motion for summary judgment. Id. The Third Circuit explained that because the plaintiffs-appellees did not claim they were prejudiced, and because the relevant facts underlying immunity were not in dispute, "the issue presents only a question of law for resolution." Id.

Here, like in Kleinknecht, Plaintiff received notice of the affirmative defense when Defendant raised the issue in his motion for summary judgment. Plaintiff does not claim he was prejudiced, nor has Plaintiff disputed the applicability of the defense. Though the Court could address the merits of the issue when ruling on Defendant's motion for summary judgment, see id., the Court will grant the Defendant leave to include the defense in an amended answer. See Fed. R. Civ. P. 15(a)(2) (the court should grant leave to amend a pleading when justice requires).

[3] Courts in this circuit have explained that "[u]nder Title II of the ADA, plaintiffs may not sue individual defendants in

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

their personal capacities, but must instead sue the state, state entities, <u>or defendants in their official capacities</u>." <u>George v. Pa. Dep't of Corr.</u>, No. 09-1202, 2010 WL 936778, at *7 (M.D. Pa. Mar. 11, 2010) (emphasis added); <u>see also</u> <u>Robinson v. Pa. Dep't of Corr.</u>, No. 20-2978, 2022 WL 970760, at *4 n.39 (E.D. Pa. Mar. 31, 2022) (noting that the ADA "does not prevent suits against individuals in their official capacities.") (citing <u>Dews v. Link</u>, No. 19-4285, 2021 WL 223795, at *3 (E.D. Pa. June 2, 2021)); <u>Davis v. City of Philadelphia</u>, No. 18-0668, 2019 WL 175097, at *3 (E.D. Pa. Jan. 11, 2019) (same); <u>Glenn v. McGrady</u>, No. 13-0325, 2014 WL 939507, at *4 (M.D. Pa. Mar. 11, 2014) (same).