```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ROY LEE WILLIAMS, | : | CIVIL ACTION |
|  | : | NO. 21-1248 |
| Plaintiff, | : | |
|  | : | |
| v. | : | |
|  | : | |
| John Wetzel[1], et al., | : | |
|  | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this **14th** day of **July, 2022**, it is hereby **ORDERED** that Plaintiff's motion for judgment on the pleadings [ECF No. 22] is **DENIED**.[2]

---

[1] Defendant brings a section 1983 claim against John E. Wetzel in his individual capacity, as well as a claim under the Americans with Disabilities Act ("ADA") against Wetzel in his official capacity. Since Plaintiff filed suit, Wetzel retired and George Little has become the acting Secretary of Corrections. Pursuant to Federal Rule of Procedure 25(d), any official capacity claims should be deemed to be against the acting Secretary of Corrections. See Fed. R. Civ. P. 25(d) (An "officer's successor is automatically substituted as a party" and "[l]ater proceedings shall be in the substituted party's name.") Accordingly, George Little will be substituted as the defendant with respect to Plaintiff's ADA claim. Plaintiff's section 1983 claim will remain against Wetzel in his individual capacity.

[2] Plaintiff, who is proceeding pro se, filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff argued that certain responses to Plaintiff's allegations in Defendants' amended answer did not comply with Federal Rule of Civil Procedure Rule 8(b), and so Plaintiff's allegations should be deemed admitted. Plaintiff

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

explained that if the Court accepts Plaintiff's allegations as true, Plaintiff will be entitled to judgment on the pleadings.

　　Pursuant to Federal Rule of Civil Procedure 15, the Court ordered Defendants to submit a second amended answer in compliance with Rule 8(b). See Ord., ECF No. 20. Defendants have since done so. Because Defendants' second amended answer complies with Rule 8(b), the Court finds no basis to grant Plaintiff's motion for judgment on the pleadings. Accordingly, Plaintiff's motion is denied.